### Appeal of KENOSHA FRUIT CO.

Docket No. 410. Submitted May 6, 1925. Decided June 15, 1925.

*Peter J. Myers, Esq.*, for the taxpayer.
*Ward Loveless, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

Taxpayer appeals from the determination by the Commissioner of a deficiency in income and profits taxes for 1919 in the sum of $2,599.97, which results from the refusal of the Commissioner to recognize the taxpayer as affiliated with Hanley Bros. Co.

FINDINGS OF FACT.

Taxpayer was organized as a corporation under the laws of Wisconsin in 1910.

Hanley Bros. Co. was organized as a corporation some years prior to 1910. Soon after the organization of the taxpayer Hanley Bros. Co. became owners of all of its capital stock. At that time the capital stock of Hanley Bros. Co. was owned by three brothers—Martin E. Hanley, Edward J. Hanley, and Jerome A. Hanley.

In April, 1915, Edward J. Hanley purchased the entire capital stock of the taxpayer and sold to his brothers his stock in the Hanley Bros. Co. Thereafter Hanley Bros. Co. made large advances of credit and cash to the taxpayer and guaranteed its accounts with dealers. The business of the taxpayer was unsuccessful, and in September, 1915, Hanley Bros. Co. found that the taxpayer was insolvent, whereupon Edward J. Hanley transferred all of the capital stock of the taxpayer to a trustee for Hanley Bros. Co., who thereafter operated the business. Edward J. Hanley continued with the taxpayer for a few months and later left Wisconsin and went to Texas. In 1917 he executed a general release of all claims and demands against the taxpayer.

Taxpayer was engaged in the wholesale fruit business at Kenosha, Wis., and Hanley Bros. Co. in the same business at Janesville and Beloit, Wis. After September, 1915, the business of both companies was managed from an office at Chicago and there were many intercompany transactions. The capital stock of the taxpayer continued to be held by the trustee for Hanley Bros. Co. during the year 1919.

DECISION.

The deficiency determined by the Commissioner is disallowed.